UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HARTFIELD,

      Plaintiff,

vs                                        Case No: 06-11575
                                          Honorable Victoria A. Roberts

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.
_____/

**ORDER**

**I.      INTRODUCTION**

This matter is before the Court on the parties' cross Motions for Summary

Judgment.  Magistrate Judge Mona K. Majzoub recommends that the Court GRANT

Plaintiff's motion IN PART, DENY Defendant's motion, and REMAND the case for

further proceedings.  The Court **DECLINES TO ADOPT** the recommendation.

**II.     PROCEDURAL HISTORY AND FACTS**

Magistrate Majzoub adequately summarizes the relevant facts and procedural

history.  Her summary is incorporated here.

**III.    STANDARD OF REVIEW**

In the Social Security context, the district court reviews the decision of the

Commissioner for a determination of whether the decision exceeds statutory authority or

is arbitrary and capricious.  *Sullivan v. Zebley*, 493 U.S. 521 (1990); *Bowen v. Yuckert*,

482 U.S. 137, 145 (1987).  This Court must review the Administrative Law Judge's

decision to determine whether it is supported by "substantial evidence."  "Substantial

evidence is more than a scintilla of evidence but less than a preponderance and is such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion." *Brainard v. Secretary*, 889 F.2d 679, 681 (6th Cir. 1989) (citing

*Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  It exists when a

reasonable mind could accept the evidence as adequate to support the challenged

conclusion, even if that evidence could support a decision the other way.  *Casey v.

Secretary of Health and Human Services*, 987 F.2d 1230, 1233 (6th Cir. 1993).  This

standard presupposes that there is a "zone of choice" within which the Administrative

Law Judge ("ALJ") may make a decision without being reversed.  *Felisky v. Bowen*, 35

F.3d 1027, 1035 (6th Cir. 1994).  In other words, if the Commissioner's determination is

supported by substantial evidence, it must stand regardless of whether the reviewing

court would resolve the issues of fact in dispute differently.  *Bogle v. Sullivan*, 998 F.2d

342, 347 (6th Cir. 1993).  The Court must only review the record that was before the

ALJ and cannot review the evidence *de novo*, weigh the evidence, or make credibility

determinations.  *Id.*

**IV.    ARGUMENTS**

There are five factors that the Social Security Administration uses to determine

eligibility for benefits.  Plaintiff must establish that: (1) he is not presently engaged in

gainful employment; (2) he suffered from a severe impairment; and (3) the impairment

met or was medically equal to an impairment listed in 20 C.F.R. Part 404, Subpart P,

Appendix 1 and was of sufficient duration.  If Plaintiff does not meet his burden at step

three, he may still meet his burden at step four by proving he did not have the "residual functional capacity" ("RFC") to perform past work. *Jones v. Comm'r of Soc. Security*, 336 F.3d 469, 474 (6th Cir. 2003).

If Plaintiff satisfies his burden, the burden shifts to the Commissioner for the fifth factor to show that there is other work available in the economy that the claimant can perform. 20 C.F.R. §§ 404.1520(b)-(f). To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Secretary*, 820 F.2d 777, 779 (6th Cir. 1987). This substantial evidence may be in the form of Vocational Expert ("VE") testimony, but only if the hypothetical question posed to the expert accurately portrays the claimant's individual physical and mental impairments. *Id.*

### A.     Plaintiff's Claims

Plaintiff Joseph Hartfield seeks disability benefits from July 6, 2003, claiming disability due to shoulder, leg, back, foot, and neck pain. Plaintiff's past work experience includes employment as a roofer and as a custodian.

Plaintiff claims he has pain in his left foot, left leg, lower back, neck, and shoulders. Tr. 141. Plaintiff claims that his left arm hurts when he tries to open jars. Tr. 144. He also has asthma, but the severity depends on the weather. He takes asthma medication in the morning and uses an inhaler at night. Tr. 144-145.

Plaintiff states his back pain radiates down his left leg and into his foot. Tr. 141. Even though Plaintiff had surgery on his left shoulder, he claims this shoulder is worse than his right shoulder. Tr. 143-144. Plaintiff testified that his pain medication helps ease the pain. Tr. 145-146. However, the poor circulation in his legs causes him to get

up slowly in the morning.  Tr. 141.

Plaintiff can only stand or walk for about an hour, and his back and shoulders hurt if he lifts more than 10 pounds.  Tr. 143.  He also has problems with both arms when he is pushing, pulling, and reaching overhead.  Plaintiff sometimes has trouble bending at the waist.  Tr. 145.

Despite his problems, Plaintiff testified that he can do the following: (1) help his wife with a little housework every day; (2) help do a little work outside; (3) exercise in the tub in the morning; (4) sit and listen to lectures for about four hours a day; (5) drive to meetings and school; and (6) walk to his congregants' houses (Plaintiff is a minister). Tr. 144, 146, 148-149.  Plaintiff states that his wife usually drives when they take long trips, and he has to stop and rest.  Tr. 147.  His wife also does the grocery shopping, and his son does the yard work.  Tr. 143.

**B.      Magistrate's Recommendation**

To determine the range of suitable alternative jobs available for persons with Plaintiff's limitations, the ALJ asked the VE to assume an individual of Plaintiff's age with the same vocational and educational backgrounds, who is limited to the light exertion level and cannot perform work overhead, lift more than 15 pounds, forcefully grip with his left dominant hand, stand or walk more than one hour continuously, and must work in a clean air environment with no extremes of heat or cold.  The VE testified that such individual could work in the light, unskilled exertion level as a security guard (10,400 jobs regionally and 200,000 jobs nationally).  Tr. 153-154.

Plaintiff's attorney added the limitation that the individual must have the ability to sit/stand at will.  The VE testified that such individual is limited to sedentary work.  Tr.

4

155.  Plaintiff's attorney noted that Dr. Ware limited Plaintiff to frequent positional

changes, which would allow for the sit/stand option.  Tr. 156.

The ALJ determined that Plaintiff's lumbar spine degenerative disc disease,

asthma, and rotator cuff tear status post surgical repair were "severe" based on the

requirement in 20 C.F.R. §404.1520(c).  Nonetheless, the ALJ determined that Plaintiff

does not have an impairment or combination of impairments that meets or medically

equals one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  He

concluded that Plaintiff retains the RFC for light work that does not require any

overhead reaching, forceful gripping with the left dominant hand, lifting more than 15

pounds, or any exposure to extreme hot or cold temperatures.  Hence, the ALJ

concluded that Plaintiff was not under a "disability" as defined in the Social Security Act.

The Magistrate recommends remand.  The Magistrate recognized that the ALJ

referenced Dr. Ware's reports and discussed certain portions of them, including Dr.

Ware's advice that Plaintiff not lift more than 20 pounds or work overhead.  Tr. 20.

However, citing 20 C.F.R. §404.1527(d)(2); SSR 96-5p; and *Wilson v. Comm'r of Soc.*

*Security*, 378 F.3d 541 (6th Cir. 2004), the Magistrate states that the ALJ failed to

address Dr. Ware's opinion that Plaintiff should be able to "undergo frequent positional

changes with his job."

The Magistrate states that the Commissioner of Social Security generally gives

"more weight to opinions from [the claimant's] treating sources, since these sources are

likely to be the medical professionals most able to provide a detailed, longitudinal

picture of [the claimant's] medical impairment(s)."  20 C.F.R. §404.1527(d)(2).  The

Commissioner will give the opinion of a treating physician controlling weight, if the

opinion is well-supported and consistent with the other substantial evidence.  *Id.*  When

the opinion of the treating physician is not given controlling weight, factors such as the

length, nature, and extent of the treatment relationship; frequency of examination;

supportability of the physician's opinion; consistency of the opinion with the record as a

whole; and the physician's specialization will be considered in determining how much

weight to afford the opinion.  *Id.*  The ALJ will also give "good reasons in [his] notice of

determination or decision for the weight . . . give[n] [the claimant's] treating source's

opinion."  *Id.*; *see also* SSR 96-5p ("[t]he notice of the determination or decision must

explain the consideration given to the treating source's opinion(s).").

Similarly, the Sixth Circuit in *Wilson* held that the ALJ must provide good reasons

for not giving weight to a treating physician.  *Wilson*, 378 F.3d at 544.  "Although

substantial evidence otherwise supports the decision of the Commissioner in this case,

reversal is required because the agency failed to . . . 'give good reasons' for not giving

weight to a treating physician in the context of a disability determination."  *Id.* (citing 20

C.F.R. §404.1527(d)(2)).  The Court also stated that it cannot excuse the denial of a

mandatory procedural protection because a different outcome is unlikely on remand.

*Wilson*, 378 F.3d at 546.  However, the Court noted that a violation of the procedural

requirement of §1527(d)(2) constitutes harmless error if: (1) a treating source's opinion

is so patently deficient that the Commissioner could not possibly credit it; (2) the

Commissioner adopts the opinion of the treating source or makes findings consistent

with the opinion; or (3) the Commissioner meets the goal of §1527(d)(2) even though he

did not comply with the terms of the regulation.  *Id.* at 547.  The Court declined to

determine whether a *de minimis* violation qualifies as harmless error.  *Id.*

The Magistrate contends that the ALJ's failure to take into account Dr. Ware's opinion violated 20 C.F.R. §404.1527(d)(2), SSR 96-5p, and *Wilson*.

The Magistrate also recognized that the hypothetical to the VE mentioned the limitation that Plaintiff cannot stand or walk more than one hour continuously. However, the Magistrate states that the ALJ did not adopt that limitation into his RFC finding, and it does not adequately address Dr. Ware's opinion. The Magistrate states that an at-will sit/stand option and the ability to undergo frequent positional changes are not consistent. According to the Magistrate, the security guard position does not require Plaintiff to stand or walk more than one hour continuously, but it may require him to remain seated--aside from normal breaks--for the duration of the day. In addition, the VE testified that a sit/stand option would preclude light work. If the two limitations were consistent, the VE's testimony would remain unchanged.

The Magistrate noted that this Court cannot independently search the record to find substantial evidence to support the ALJ's decision. Thus, the Court may not find that the ALJ's error was harmless because other physicians did not find the same limitation as Dr. Ware or because there is medical evidence to support the ALJ's rejection of Dr. Ware's opinion.

The Magistrate recommends that the Commissioner: (1) address the opinion of Dr. Ware regarding Plaintiff's need to frequently change positions; (2) re-evaluate Plaintiff's RFC to perform a limited range of light work, if necessary; and (3) conduct any further step five analysis if appropriate.

**C.      Defendant's Objections**

Defendant asserts that substantial evidence supports the ALJ's decision and

remand would not serve any meaningful purpose. While conceding that it is not this Court's function to remedy errors in the ALJ's decision, Defendant contends that the Court is required to consider all the evidence in the record that may support the Commissioner's decision. The Court is not constrained by whether the ALJ discussed that evidence. *See Heston v. Comm'r of Soc. Security*, 245 F.3d 528, 535 (6th Cir. 2001) ("[t]he district court may look to any evidence in the record, regardless of whether it has been cited by the [ALJ]"); *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989) ("[i]t is well established that judicial review of the [Commissioner's] findings must be based upon the record taken as a whole. Thus, it is clear that . . . the district court may look to any evidence in the record regardless of whether it has been cited by the [ALJ]") (citing *Shelman v. Heckler*, 821 F.2d 316, 320 (6th Cir. 1987); *Garner v. Heckler*, 745 F.2d 383, 388 (6th Cir. 1984); *Beavers v. Secretary of Health, Education & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978)).

Defendant states that Dr. Ware treated Plaintiff for problems arising from a partial rotator cuff tear in his left shoulder, which was surgically treated. Tr. 91-93, 98, 103-104, 144. Defendant argues that it is illogical to afford controlling status to Dr. Ware's restriction on positional changes because his entire treatment relationship with Plaintiff centered on his shoulder pain. Defendant's shoulders do not provide any insight into Plaintiff's ability to sit, stand, or walk. *See* 20 C.F.R. §404.1527(d)(2)(ii) ("[g]enerally, the more knowledge a treating source has about [the claimant's] impairment(s) the more weight [the Commissioner] will give to the source's medical opinion"); *Schroeter v. Sullivan*, 977 F.2d 391, 395-96 (7th Cir. 1992) (finding that a physician's opinion is limited to the condition for which he treated the claimant).

8

Defendant also submits that Dr. Ware did not provide the opinion that Plaintiff

should be allowed to undergo frequent positional changes.  Instead, Dr. Ware referred

Plaintiff to a physical therapist for a functional capacity evaluation ("FCE") and indicated

that Plaintiff should return to work with the restrictions contained in the FCE.  Tr. 91.  Dr.

Ware only limited Plaintiff to lifting no more than 20 pounds and precluded him from

performing any overhead work.  Tr. 104.  Thus, Defendant asserts that there is little

reason to consider the limitation to frequent positional changes as deriving from a

treating source.

In addition, Defendant contends that the limitation to frequent positional changes

should be given little weight because it is unsupported by objective medical evidence.

*See Warner v. Comm'r of Soc. Security*, 375 F.3d 387, 390 (6th Cir. 2004) ("[t]reating

physicians' opinions are only given [substantial deference] when supported by objective

medical evidence") (citing *Jones v. Comm'r of Soc. Security*, 336 F.3d 469, 477 (6th Cir.

2003)).  Defendant states that the record lacks clinical findings to support such a

restriction.  In August 2003, Plaintiff demonstrated normal gait, normal reflexes, straight

leg raising to 90 degrees without discomfort, and normal range of motion in the lower

extremities.  Tr. 107.  Plaintiff argues that these findings do not support a need to

change positions more frequently than once per hour.

Defendant states that the limitation is also inconsistent with other medical

sources in the record.  Plaintiff's neurologist Dr. Levin ordered MRIs of Plaintiff's lower

back and never provided any sitting, standing, or walking restrictions.  Tr. 96.  Instead,

he restricted Plaintiff from lifting more than 15 pounds or performing repetitive overhead

work, limitations adopted by the ALJ.  Tr. 102.  Further, Dr. Choi, the state agency

medical expert who reviewed Plaintiff's records, determined that Plaintiff could sit, stand, or walk--with normal breaks--for six hours in an eight-hour day. Tr. 113. Defendant argues that the Court should find it compelling that no other medical source in the record--including the neurologist who treated Plaintiff for lower back pain--opined that he needed frequent positional changes. *See* 20 C.F.R. §404.1527(d)(4) ("[g]enerally, the more consistent an opinion is with the record as a whole, the more weight [the Commissioner] will give to that opinion.").

Defendant submits that the ALJ's hypothetical is consistent with Plaintiff's own estimate of his ability to stand or walk. Tr. 143, 153.

Plaintiff did not file a response.

## V.    ANALYSIS

The Court declines to remand Plaintiff's case. The parties do not dispute that Dr. Ware was Plaintiff's treating physician. Therefore, his "opinion" that Plaintiff should "be able to undergo frequent positional changes with his job" should be given controlling weight if it is well-supported and not inconsistent with the other substantial evidence. *See* 20 C.F.R. §404.1527(d)(2). However, this limitation is not Dr. Ware's opinion.

Dr. Ware is an Orthopedic Surgeon, who examined Plaintiff's shoulder and scheduled him for a FCE. Tr. 91, 93. Although not included in the record, Dr. Ware stated that the FCE report recommended limited repetitive lifting of anything greater than 25 pounds. It also stated that Plaintiff should be limited in any repetitive overhead lifting greater than 15 pounds, and he should be able to "undergo frequent positional changes with his job." Dr. Ware returned Plaintiff to work within these guidelines. Tr. 91. It was not his opinion that Plaintiff undergo frequent positional changes. Instead,

the physician who performed the FCE--who is not one of Plaintiff's treating physicians--recommended this limitation.

Dr. Ware's only opinion regarding Plaintiff's condition was that he should be limited to lifting no more than 20 pounds and be prohibited from performing overhead work. Tr. 104. The ALJ gave weight to this opinion. When evaluating the evidence, the ALJ stated, "Dr. Ware advised that the claimant could return to work as of August 1, 2001, with the following restrictions: no lifting greater than 20 pounds and no overhead work." The ALJ found that Plaintiff cannot perform work that requires overhead reaching or lifting more than 15 pounds, which is more restrictive than that recommended by Dr. Ware. Tr. 20-21.

After reviewing the record that was before the ALJ, the Court finds that the Commissioner's determination is supported by substantial evidence and must stand. See *Sullivan*, 998 F.2d at 347.

## VI. CONCLUSION

The Court **DECLINES TO ADOPT** the Magistrate's Report and Recommendation. The Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motion.

**IT IS ORDERED.**

  /s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: September 25, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on September 25, 2007.

s/Linda Vertriest
Deputy Clerk